# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY STOTTS,   No. CIV S-08-1178-MCE-CMK-P

    Petitioner,

  vs.   ORDER

D.K. SISTO, et al.,

    Respondents.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the California Board of Prison Hearings (Board) that he is unsuitable for parole.  Pending before the court is Respondents' motion to dismiss the petition on the grounds that it is barred by the statute of limitations (Doc. 12).  Petitioner opposes the motion, in part based on a request for equitable tolling from the time the California Supreme Court denied his final state petition and the date he filed his federal petition.

       In order to prevail against the motion to dismiss, Petitioner's request for equitable tolling must be granted.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioners seeking to file a federal petition for writ of habeas corpus are limited by a

1

one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Regardless of any other time and/or tolling issues, Petitioner filed the instant petition approximately 370 days after the California Supreme Court denied his final state petition.[1] Thus, without the availability of equitable tolling, Petitioner's federal petition is untimely as filed after the statute of limitations had expired.

To be entitled to equitable tolling, the habeas petitioner bears the burden to demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).

The Ninth Circuit has held "the threshold necessary to trigger equitable tolling under AEDPA is very high, least the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Here, Petitioner claims he did not receive a copy of the California Supreme Court's denial of his petition at the time of the denial was issued. Attached to his petition, Petitioner has provided the court with a copy of the California Supreme Court's docket sheet, indicating that the denial decision was sent to Petitioner on May 23, 2007, but that on June 4, 2007, it was returned to the Court as "unable to forward." (Pet., Doc. 1, at 29). Petitioner argues that the California Supreme Court had his correct address, at California State Prison, Solano, where he had been housed for at least the past 10 years. Petitioner claims he is unsure why the denial would have been returned to the Court.

---

[1] The California Supreme Court denied Petitioner's final state petition on May 23, 2007. He then filed the instant petition on May 29, 2008, which was signed on May 27, 2008.

A showing that Petitioner failed to receive the California Supreme Court's denial of his petition may be sufficient to meet the second prong, as an example of extraordinary circumstances. See Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001). Assuming that it is, however, Petitioner still must meet the first prong, that he was diligent in pursuing his rights. In his opposition to the motion to dismiss, Petitioner states:

> when the petitioner had not received a decision and/or any other communications from the Court, the petitioner wrote the Clerk of the Court (on at least three separate occasions), inquiring as to the status of his petition . . . but, received no response from the Clerk's Office.

(Opposition, Doc 18, at 3). He then claims he received notice of the denial in April 2008. However, the court notes that in his petition, he addressed this same issue and indicated he received notice of the denial on February 15, 2008. (See Pet., Doc. 1, at 9).

Petitioner has provided no competent evidence of his attempts to contact the California Supreme Court regarding the status of his case. There is no dispute that the notification regarding the Supreme Court's denial was returned to the Court.[2] Both parties have submitted a copy of the California Supreme Court's docket listing, which indicates the mail addressed to Petitioner was returned. However, there is no indication on that docket that the California Supreme Court ever received any requests for status Petitioner claims he submitted. Petitioner has not provided copies of any requests he sent, nor has he indicated when and how he submitted such requests. As Respondent argues, Petitioner's statements regarding these alleged requests for status are self-serving, conclusory statement, which are uncorroborated by any supporting evidence. Based on the information currently before the court, it does not appear to the undersigned that Petitioner has met his burden to show that he acted with due diligence. In addition to his uncorroborated, self-serving, conclusory statements that he wrote to the Clerk of the Court for the status of his case "on at least three separate occasions," Petitioner's inconsistent

---

[2] Petitioner asserts he was housed at the prison where the California Supreme Court sent the notification, and had been for 10 years, so he is unsure why it was returned to the Court.

3

statements as to when he did receive notice that his petition had been denied, weigh against finding Petitioner acted diligently.

However, equitable tolling is an equitable remedy, and Petitioner is proceeding pro se in this case. As such, the undersigned finds that the interest of justice require Petitioner be provided an opportunity to cure the defects in his showing of due diligence. Petitioner will therefore be provided an opportunity to provide competent evidence showing he acted with due diligence in pursuing his petition with the California Supreme Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, Petitioner may submit a supplemental brief in response to the motion to dismiss, providing the court with competent evidence that he acted with due diligence in pursuing his state court petition; and

2. Within 15 days of receipt of Petitioner's supplemental brief, Respondent may submit an additional brief in response to Petitioner's due diligence claims.

DATED: May 27, 2009

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE